[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on August 6, 1983 in Bridgeport, Connecticut. On January 13, 1986, the defendant struck the plaintiff in the eye. Because of the bruise and the fact that the plaintiff is a diabetic, she sought medical attention that day with Dr. Nejad, her endocrinologist. At that time the plaintiff asked the defendant to leave. However, he refused to do so. The plaintiff, thereafter, lived in her living quarters at Fairfield Hills Hospital where she worked as a mental health worker caring for the mentally ill. The defendant remained living in the plaintiff's home which she had owned since 1982 until it was destroyed by fire in 1986.
In June, 1988, the plaintiff was asked to take disability because of her health and now receives $300.00 per week by way of a disability pension. She receives Section 8 relief so that rent is costing her $12.50 per week.
The plaintiff suffers from pulmonary edema, congestive heart failure and hypertension. She has to take oxygen every night for her shortness of breath. She is 40 years of age. She has applied for and been denied Social Security disability. At present she is caring for her Godchild who is four years of age for the summer. The child's mother and father live in Stratford.
The defendant is 48 years of age, dropped out of high school in the tenth grade, and has worked for the City of Bridgeport for 26 years. For the past eight years he has worked for the Sanitation Department. Prior to that, he had worked in Beardsley Park with the grounds crew. The defendant states his health is "all right." He has high blood pressure. He lives with a female companion in a rental apartment. His affidavit shows no assets other than household furniture and a 1967 Volkswagen automobile. He earns a gross weekly wage of $623.91 and has deductions of $159.46 with a net weekly wage of $464.45. CT Page 6103 His weekly expenses are reported as $364.00.
The court finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. The marriage of the parties has broken down irretrievably.
4. While the plaintiff has complained of four prior incidents. of physical striking by the defendant, which the defendant did not deny, on the limited evidence that the court was presented on fault, the court does not find that the defendant was at fault for the breakdown of the marriage, but finds that neither party is at fault for the breakdown of the marriage.
Having considered the criteria of 46b-81 and 46b-82
of the General Statutes, the applicable case law, the evidence and exhibits, the court enters the following orders:
1. A decree of dissolution of the parties marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. The defendant shall pay alimony to the plaintiff in an amount of $50.00 per week terminable upon the earliest to occur of the following events: the death of either of the parties, or the plaintiff's remarriage. In the event alimony is continuing up to two years from this date (July 17, 1993), it shall reduce at that time to $1.00 per year I and shall terminate as earlier herein set forth. An immediate order for wage withholding shall issue to secure the order for alimony.
3. The personal property in possession of each of the parties shall be the property of the possessor free of any claim or demand by the other party.
4. Each party shall be responsible for his or her own liabilities and shall indemnify and hold harmless the other party from any claim or demand thereon.
5. The real property owned by the plaintiff in South Carolina shall be wholly hers.
6. The defendant shall pay the sum of $250.00 as a contribution toward plaintiff's counsel fees, the same to be paid to plaintiff's counsel on or before September 1, CT Page 6104 1991.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE